HALSELL et al. v. FERGUSON et al.
(No. 7665.)

(Court of Civil Appeals of Texas. Dallas.
May 25, 1918.)

Appeal from District Court, Dallas County.
Suit by Hugh W. Ferguson and others against J. W. Halsell and others. From an order directing issuance of a temporary writ of injunction as prayed, defendants appeal. Judgment affirmed in conformance to answers to questions certified to the Supreme Court (202 S. W. 317).

Adams & Stennis, of Dallas, for appellants. Cecil L. Simpson, of Dallas, for appellees.

TALBOT, J. The appeal in this case is from an order of the district court of Dallas county, Tex., directing the issuance of a temporary writ of injunction, as prayed for by the plaintiffs below, appellees here, restraining the appellants, their agents and representatives, from building a house on lots 5 and 6 in block 668 of the city of Dallas, Dallas county, Tex., except in so far as the same may conform to the frontage of said lots on Harry avenue, as originally platted, in said city.

The questions arising upon the appeal material to a decision of the case were by this court certified to the Supreme Court for adjudication, and the answers of that court require an affirmance of the judgment of the district court. For a full statement of the nature of the case, and the questions certified and decided by the Supreme Court, we refer to the opinion of the court to be found in 202 S. W. at page 317. The Supreme Court, in answering the certified questions, held that section 3 of article 1 of the charter of the city of Dallas and section 2 of the ordinance of said city, constituting a part of what is known as the Building Code of said city, and which provides "that wherever any lots are laid off by any plat, showing a frontage for said lots on any street or avenue in the residence section of the city, all buildings erected on same shall keep their frontage on said street or avenue so as to conform to the frontage of the lots shown on such plat," was a valid exercise of the police power of the state and the city, and that, since the appellees purchased their property after appellant Halsell and associates had, by a map, with certificate of dedication attached, placed of record, extended Harry avenue to California avenue and subdivided their originally proposed blocks numbered 1 and 2 and fronting lots 5 and 6 of said block 2 on Harry avenue, and before the board of commissioners of the city, by resolution adopted, permitted the said Halsell and associates to amend and change said map, so as to front said lots 5 and 6 on California avenue, and since appellees had purchased their property fronting on Harry avenue with reference to the platting and map made by Halsell and associates, fronting lots 5 and 6 on Harry avenue, which map was accepted by the city of Dallas, said board of commissioners had no legal right to authorize or permit such change in the plat without consent of appellees, but that such facts precluded and estopped the city and appellants from changing the frontage of appellant's lots from Harry avenue, and from erecting a residence thereon otherwise than in conformity to the frontage on Harry avenue. The court say: "The principles announced in Harrison v. Boring, 44 Tex. 266, 273, compel the conclusion that, when appellees purchased their property in reliance on the representations embodied in the plat filed by appellants and approved by the city, the property of appellants became impressed with easements or servitudes, of which appellees or their assigns could not be deprived without their consent." It would serve no useful purpose for us to attempt to add anything to the discussion of the Supreme Court, and, adopting the opinion of that court, the judgment of the district court will be affirmed.

Affirmed.